IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCOTT, | No. CIV S-08-0781-LKK-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| K. KELLER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

Plaintiff names the following as defendants:  Keller, Powell, Weinholdt, Williams, Hall, and Grannis.  Defendants Keller and Powell are prison psychologists.  Defendant Weinholdt is the "CHSAIIA" at Mule Creek State Prison ("MCSP").  Defendant Hall is a correctional officer.  Defendant Williams is the manager of health care at MCSP.  Defendant Grannis is the chief of the inmate appeals branch of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff claims that, on January 22, 2007, he submitted a form 602 inmate appeal "alleging his right to equal protection was being violated by the California Department of Corrections and Rehabilitation's failure to evaluate him for a diagnosed mental disorder. . . ."  He also asserts that CDCR is operating under the "standard practice of waiting until an inmate . . . was six months to parole before conducting such an evaluation. . . ."  Plaintiff claims that some inmates are provided immediate mental health treatment while others are not.  He states that he has not been provided mental health treatment.

Plaintiff states that, on February 15, 2007, defendant Keller specifically refused to provide him mental health treatment as a "mentally disabled offender."  According to plaintiff, defendant Keller "told him that he was 'welcome to be evaluated by an outside source. . . .'"  Plaintiff claims that defendant Keller "acted maliciously, with the intent to cause the plaintiff

2

1 harm or with reckless disregard for the probability of causing such harm."

2 Plaintiff claims that, on March 15, 2007, defendant Powell also refused to provide
3 mental health treatment. Specifically, defendant Powell allegedly denied his "request for sex
4 offender treatment as related to the [sexually violent predator] law. . . ." As with defendant
5 Keller, plaintiff claims that defendant Powell acted deliberately with the intent to cause him
6 harm. Plaintiff alleges that, on May 10, 2007, defendants Weinholdt and Williams refused to
7 provide medical treatment. His allegations against these defendants are substantially the same as
8 against defendant Powell.

9 As to defendant Hall, plaintiff alleges that he reviewed his various inmate
10 grievances and "deliberately misquoted the facts by stating the plaintiff 'claims he suffers from a
11 diagnosed mental disorder and has not been afforded evaluation, diagnosis, or treatment.'"
12 (quoting defendant Hall's response to plaintiff's grievances). According to plaintiff, he "has not
13 made a claim that he actually suffers from any diagnosed mental disorder, but rather has alleged
14 that CDCR has failed to conduct the evaluation required by [California's sexually violent
15 predator law] to afford him equal treatment with those evaluated as [mentally disabled
16 offenders]. . . ." Plaintiff claims that defendant Hall's conduct was deliberate and malicious.
17 Plaintiff claims that defendant Grannis is liable because she "adopted the findings of defendant
18 Hall" in the course of processing plaintiff's grievances.

19 Documents attached to the complaint shed additional light on plaintiff's claims.
20 In particular, plaintiff attaches defendant Powell's response to one of plaintiff's grievances in
21 which defendant Powell states:

22 > You were interviewed in C Module on 3-15-07. Your appeal is partially
> granted. Your request for sex offender treatment as related to the SVP
23 > [sexually violent predator] Civil law is denied. The law was reviewed
> with you and you stated you understood the law and the difference
24 > between services provided by Mental health and the treatment required if
> you are found to meet the SVP criteria prior to your parole/release. Your
25 > request for mental health treatment in which your offenses are the focus of
> your treatment is granted. . . . You agreed to request assignment to a
26 > psychologist to begin this treatment when you have decided whether to

proceed. This was agreed upon.

A May 10, 2007, memorandum to plaintiff from defendant Williams reflects that plaintiff was "seen most recently by A Lebron, LCSW, for a self-referral evaluation on 4/30/07" and that plaintiff was, at the time, "currently receiving mental health care. . . ." Regarding evaluation for SVP status, plaintiff was advised to consult his correctional counselor "as this is not a function of the mental health department." Finally, a director's level response by defendant Grannis to plaintiff's grievances states: "In this particular matter, the appellant's contention that he has not received adequate medical care is refuted by the medical records and professional health care staff familiar with the appellant's medical history."

## II. DISCUSSION

It appears that plaintiff is asserting claims based on: (1) denial of medical care; (2) denial of equal protection; and/or (3) the grievance process. The court finds that plaintiff cannot state a claim upon which relief can be granted under any of these theories.

### A. Medical Care

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

/ / /

/ / /

In this case, it is clear based on documents plaintiff attaches to his complaint and which he does not dispute that he was provided mental health treatment. Therefore, he cannot state an Eighth Amendment claim based on denial of medical care.

### B. Equal Protection

It appears that the focus of plaintiff's complaint is that his equal protection rights are being violated because he is not being treated the same as other inmates with respect to mental status evaluation and treatment. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir.

2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

In this case, plaintiff cannot state an equal protection claim based on the facts alleged in the complaint. Plaintiff asserts that he is entitled to be evaluated for SVP treatment eligibility and that he is being denied equal protection because other inmates received such an evaluation. However, as has been explained repeatedly to plaintiff, SVP treatment evaluation is part of the parole/release process and is provided to inmates who are close to a release date. Plaintiff has not alleged that he has an upcoming release date such that he would have an expectation under state law of SVP treatment evaluation. There is no allegation that other inmates in plaintiff's situation (i.e., those who do not yet have a release date) are being provided SVP evaluations.

### C. **Grievance Process**

Prisoners have no stand-alone due process right to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Therefore, to the extent plaintiff asserts that defendants Hall and Grannis are liable by virtue of their handling of his inmate grievances, plaintiff cannot state a stand-alone claim upon which relief can be granted.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///

///

1        Based on the foregoing, the undersigned recommends that this action be
2 dismissed.
3        These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Failure to file objections within the specified time may waive
8 the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 DATED: June 26, 2008

12                                                **CRAIG M. KELLISON**
                                               UNITED STATES MAGISTRATE JUDGE