IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCOTT, | No. CIV S-08-0781-LKK-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| K. KELLER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se in a civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On June 27, 2008 the magistrate judge filed Findings and Recommendations that were served on the parties and that contained notice that the parties may file objections within a specified time. The plaintiff has filed timely objections.

The court has reviewed the findings and recommendations and, as explained herein, declines to adopt them.

According to the plaintiff's complaint, he is currently incarcerated a Mule Creek State

1

Prison.[1] He alleges that California Department of Corrections and Rehabilitation ("CDCR") has violated his equal protection rights by failing to evaluate him under the Sexually Violent Predator Act ("SVPA"), Cal. Wel. & Inst. Code §§ 6600 et seq. He alleges that CDCR has the practice of not evaluating inmates under the SVPA until they have reached the time at which they are within six months of their release date. In comparison, inmates who are believed to be Mentally Disabled Offenders ("MDO") as defined under Penal Code § 2960 are "immediately" evaluated, diagnosed, and treated, according to plaintiff. This disparity in the timing of the SVPA and MDO evaluations constitutes the basis of plaintiff's equal protection claim.

The magistrate judge properly described the equal protection standard as it applies to persons in custody. The magistrate judge appeared to presume, however, that the plaintiff has not been given a release date and therefore reviewed plaintiff's claim with the assumption that plaintiff's complaint alleged that it was this class of persons -- those without a release date -- whom plaintiff complained received unequal protection under the law. Instead, plaintiff appears to allege that he belongs to a class of inmates who do meet the standard for evaluation under Cal. Wel. & Inst. Code §§ 6601, but that CDCR does not conduct these evaluations in a timely manner, while MDO evaluations are timely performed. See Cal. Wel. & Inst. Code §§ 6601 (under SVPA an evaluation for an inmate "serving a determinate sentence" must occur "at least six months prior to" the inmate's scheduled release date). In his objections to the magistrate judge's findings and recommendations, plaintiff clarifies that he believes CDCR treats inmates who potentially fall under the SVPA differently from MDO inmates based on a prejudice towards the former's crimes of conviction. He contends that this is an unlawful basis of distinction towards two similarly situated groups. On its face, this does not appear untenable as a matter of law.[2] Accordingly, the court declines to adopt the magistrate

---

[1] He does not state for what he was convicted or the length of his sentence.

[2] Although courts in other contexts have rejected equal protection challenges based on differences between the SVPA and MDO statutes, see, e.g., Hubbart v. Knap, 379 F.3d 773 (9th

judge's findings and recommendations.

## CONCLUSION

The court DECLINES to adopt the magistrate judge's finding and recommendations (docket no. 12).

The case is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED: August 25, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

Cir. 2004); People v. Hubbart, 88 Cal. App. 4th 1202 (2001), the court is aware of no authority that forecloses the plaintiff's claim as he characterizes it in his complaint and objections to the findings and recommendations.