1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  THOMAS SCOTT,                    No. CIV S-08-0781-LKK-CMK-P

12            Plaintiff,

13      vs.                          <u>ORDER</u>

14  K. KELLER, et al.,

15            Defendants.

16  _____/

17            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

# I. BACKGROUND

## A.    Procedural History

On June 27, 2008, the court issued findings and recommendations that this action be dismissed for failure to state a claim.  On August 25, 2008, the district judge declined to adopt the findings and recommendations.  In the findings and recommendations, the court identified three potential claims – (1) denial of medical care; (2) denial of equal protection; and/or (3) the grievance process – and concluded that plaintiff could not obtain relief on any theory based on the factual allegations set forth in the complaint.  In his August 25, 2008, order, the district judge focused on plaintiff's equal protection claim, determining that, given additional factual allegations set forth in plaintiff's objections to the findings and recommendations, it "does not appear untenable as a matter of law."[1]  Specifically, the district judge stated:

> The magistrate judge properly described the equal protection standard as it applies to persons in custody.  The magistrate judge appeared to presume, however, that the plaintiff has not been given a release date and therefore reviewed plaintiff's claim with the assumption that plaintiff's complaint alleged that it was this class of persons – those without a release date – whom plaintiff complained received unequal

---

[1]    The district judge's order does not discuss the portions of the findings and recommendations discussing possible claims based on denial of medical care or the grievance process.  Because the district judge only discussed equal protection, the court finds that this is the only theory upon which relief can be granted.  This action does not, therefore, involve either medical care or grievance process claims.

protection under the law.  Instead, plaintiff appears to allege that he belongs to a class of inmates who do meet the standard for evaluation under Cal. Wel. & Inst. Code §§ 6601, but that CDCR does not conduct these evaluations in a timely manner, while MDO evaluations are timely performed. See Cal. Wel. & Inst. Code §§ 6601 (under SVPA an evaluation for an inmate "serving a determinate sentence" must occur "at least six months prior to" the inmate's scheduled release date).  In his objections to the magistrate judge's findings and recommendations, plaintiff clarifies that he believes CDCR treats inmates who potentially fall under the SVPA differently from MDO inmates based on a prejudice towards the former's crimes of conviction.  He contends that this is an unlawful basis of distinction towards two similarly situated groups. . . .

The district judge referred the case back to the undersigned "for further proceedings consistent with [the August 25, 2008] order."

### B. **Plaintiff's Allegations**

Plaintiff names the following as defendants:  Keller, Powell, Weinholdt, Williams, Hall, and Grannis.  Defendants Keller and Powell are prison psychologists.  Defendant Weinholdt is the "CHSAIIA" at Mule Creek State Prison ("MCSP").  Defendant Hall is a correctional officer.  Defendant Williams is the manager of health care at MCSP.  Defendant Grannis is the chief of the inmate appeals branch of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff claims that, on January 22, 2007, he submitted a form 602 inmate appeal "alleging his right to equal protection was being violated by the California Department of Corrections and Rehabilitation's failure to evaluate him for a diagnosed mental disorder. . . ."  He also asserts that CDCR is operating under the "standard practice of waiting until an inmate . . . was six months to parole before conducting such an evaluation. . . ."  Plaintiff claims that some inmates are provided immediate mental health treatment while others are not.  He states that he has not been provided mental health treatment.

/ / /

/ / /

Plaintiff states that, on February 15, 2007, defendant Keller specifically refused to provide him mental health treatment as a "mentally disabled offender."  According to plaintiff, defendant Keller "told him that he was 'welcome to be evaluated by an outside source. . . .'" Plaintiff claims that defendant Keller "acted maliciously, with the intent to cause the plaintiff harm or with reckless disregard for the probability of causing such harm."

Plaintiff claims that, on March 15, 2007, defendant Powell also refused to provide mental health treatment.  Specifically, defendant Powell allegedly denied his "request for sex offender treatment as related to the [sexually violent predator] law. . . ."  As with defendant Keller, plaintiff claims that defendant Powell acted deliberately with the intent to cause him harm.  Plaintiff alleges that, on May 10, 2007, defendants Weinholdt and Williams refused to provide medical treatment.  His allegations against these defendants are substantially the same as against defendant Powell.

As to defendant Hall, plaintiff alleges that he reviewed his various inmate grievances and "deliberately misquoted the facts by stating the plaintiff 'claims he suffers from a diagnosed mental disorder and has not been afforded evaluation, diagnosis, or treatment.'" (quoting defendant Hall's response to plaintiff's grievances).  According to plaintiff, he "has not made a claim that he actually suffers from any diagnosed mental disorder, but rather has alleged that CDCR has failed to conduct the evaluation required by [California's sexually violent predator law] to afford him equal treatment with those evaluated as [mentally disabled offenders]. . . ."  Plaintiff claims that defendant Hall's conduct was deliberate and malicious. Plaintiff claims that defendant Grannis is liable because she "adopted the findings of defendant Hall" in the course of processing plaintiff's grievances.

///

///

///

///

As the district judge noted, plaintiff sets forth additional allegations in his objections to the court's June 27, 2008, findings and recommendations.  In particular, plaintiff states in his objections:

> The Complaint alleges, albeit imprecisely, that CDCR, by and through these defendants, improperly executes State law "intentionally" treating SVPA's differently from MDO's without a rational basis for doing so.  Plaintiff alleges, or at least means to allege, that CDCR, by and through these defendants, does this base an inherent discrimination against the types of crimes necessary to trigger SVPA.  As a result, CDCR, by and through these defendants, violates the Plaintiff's right to equal treatment under law.
>
> Therefore, the Magistrate was mistaken in his identification of the particular classes of inmates alleged to be involved in the complaint.  As a result, this clear mistake ought not to be allowed to result in dismissal without an opportunity to amend the complaint.

Thus, it appears that plaintiff alleges he belongs to a class of similarly situated inmates – those entitled to mental evaluation – but that he is being treated differently based on his commitment offense.

## II.  DISCUSSION

This case involves plaintiff's claim that defendants violated his right to equal protection.  However, as noted by the district judge, the allegations in the complaint are made tenable only by reference to plaintiff's objections to the June 27, 2008, findings and recommendations.  However, the court cannot refer to other pleadings in order to make plaintiff's complaint complete.  See e.g. Local Rule 15-220.  A complaint must be complete in itself without reference to any other pleading.  See id.  Because it appears possible that the defect can be cured by amendment, plaintiff is correct that he should be given an opportunity to file a first amended complaint to state all his factual allegations in one pleading.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the

1   original complaint which are not alleged in the amended complaint are waived.  See King v.

2   Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

3              In filing an amended complaint, plaintiff should bear the following principles in

4   mind.  First, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

5   connection or link between the actions of the named defendants and the alleged deprivations.

6   See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

7   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

8   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

9   omits to perform an act which he is legally required to do that causes the deprivation of which

10  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

11  conclusory allegations concerning the involvement of official personnel in civil rights violations

12  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

13  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

14  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

15             Second, supervisory personnel – such as defendant Grannis – are generally not

16  liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045

17  (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor

18  is only liable for the constitutional violations of subordinates if the supervisor participated in or

19  directed the violations, or had actual knowledge of the violations and failed to act to prevent

20  them.  See id.  When a defendant holds a supervisory position, the causal link between him and

21  the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d

22  858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Again, vague

23  and conclusory allegations concerning the involvement of supervisory personnel in civil rights

24  violations are not sufficient.  See Ivey, 673 F.2d at 268.

25  / / /

26  / / /

### III.  CONCLUSION

Consistent with the district judge's August 25, 2008, order, the court will dismiss plaintiff's complaint with leave to amend.  Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's complaint, filed on April 14, 2008, is dismissed with leave to amend; and

2.      Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.


DATED:  September 3, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

7