# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS SCOTT,  
       Plaintiff,  
  vs.  
K. KELLER, et al.,  
       Defendants.

No. CIV S-08-0781-LKK-CMK-P

ORDER

/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 16). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

       Plaintiff names the following as defendants: Keller, Powell, Weinholdt, Williams, Hall, Grannis, Schwarzenegger, and Tate. Plaintiff offers the following "preliminary statement":

> This is a civil rights action by a state prisoner for damages and injunctive relief under 42 U.S.C. §§ 1981-1985 alleging violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff alleges that CDCR does not conduct evaluations under California Welfare and Institutions Code (WIC), Section 6601 (commonly known as SVP) – nor provide appropriate treatment – until a person belonging to the class of inmates who do meet this standard are six (6) months or less to parole, while Mentally Disordered Offender (MDO) evaluations are timely performed, on average within the first year

of a person belonging to this class entering CDCR's custody and control, and treatment commences immediately. Plaintiff seeks monetary damages from each defendant and injunctive relief to correct the underlying causes of these violations.

Plaintiff's allegations against the specific named defendants are summarized as follows:

| | |
|---|---|
| Keller | Plaintiff was interviewed by defendant Keller on January 24, 2007, regarding plaintiff's inmate grievance. Plaintiff alleges: "During the course of this interview, Defendant Keller confirmed her personal knowledge of the SVP laws, their relation to the plaintiff, the potential for harm to the plaintiff, but failed to address the disparity, claiming this process was usually handled by custody staff." Plaintiff states that Keller denied his inmate appeal on January 27, 2007, "advising Plaintiff that he was welcome to be evaluated by an outside source to determine whether he meets the criteria." Plaintiff states this "demonstrates his/her malicious intent to cause the plaintiff harm with reckless disregard for the probability of causing such harm." |
| Powell | Plaintiff was interviewed by defendant Powell on March 15, 2007, regarding his inmate grievance. As with defendant Keller, plaintiff states that defendant Powell expressed an understanding of the SVP laws, their relation to plaintiff, the potential for harm to plaintiff, and agreed that plaintiff potentially qualified for an initial evaluation. Plaintiff alleges that defendant Powell also "acknowledged the apparent disparity between the two processes." Plaintiff claims that, while defendant Powell "refused to take any action to initiate the formal evaluation process of the Plaintiff," she offered him a substitute treatment program, "not associated with the California Department of Mental Health and not endorsed by the SVP law. . . ." |
| Williams | Plaintiff claims that, on May 10, 2007, defendant Williams prepared the second level response to plaintiff's inmate grievance. According to plaintiff, defendant Williams "confirms his personal knowledge of the SVP laws, implying an understanding of their relation to the plaintiff, the potential for harm to the plaintiff, but failed to apply those laws to the Plaintiff when denying the appeal." |
| Weinholdt | Plaintiff states that defendant Weinholdt "adopted the findings of Defendant Williams . . . by affixing his/her signature to the Second Level Response." |
| Hall | Plaintiff asserts that defendant Hall "deliberately misquoted |

2

|   |   |   |
|---|---|---|
|   |   | the facts when stating the Plaintiff 'claims he suffers from a diagnosed mental disorder and has not been afforded evaluation, diagnosis, or treatment, a violation of his Fourth Amendment.'" |
|   | Grannis | Plaintiff states that defendant Grannis "adopted the findings of Defendant Hall . . . by affixing her signature to the Director's Level Response" to his inmate grievance. |
|   | Schwarzenegger | According to plaintiff, defendant Schwarzenegger "established a new Cabinet position entitles Secretary of the Department of Corrections and Rehabilitations and publicly declared the former Department of Corrections was restructured with new policies and procedures." Plaintiff alleges these new policies and procedures "included a deliberate policy of stalling and/or delaying evaluations of potential SVPs until those suspected of qualifying had served all but the last six (6) months of their prison sentences before commencing such evaluations." He adds that "[t]hese policies were a deliberate action in retaliation for the types of crimes committed by those qualifying as SVPs." |
|   | Tate | Plaintiff claims that defendant Tate "adopted the policies and procedures of Defendant Schwarzenegger as his own." |

As set forth in the court's prior orders, and made clear by plaintiff's preliminary statement, this action is limited to a claim alleging a violation of plaintiff's equal protection rights. Specifically, plaintiff asserts that prison officials treat mentally ill inmates differently based on whether they are classified as "MDO" or "SVP" and that there is no valid reason for doing so. The question now before the court is whether plaintiff has adequately linked this alleged violation to the named defendants. The court finds that the first amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The court authorizes service on the following defendant(s):

    KELLER;

    POWELL;

    WEINHOLDT;

    WILLIAMS;

    HALL;

    GRANNIS;

    SCHWARZENEGGER; and

    TATE;

2. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the first amended complaint; and

3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Eight completed USM-285 form(s); and

    d. Nine copies of the endorsed first amended complaint.

DATED: October 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS SCOTT,                               No. CIV S-08-0781-LKK-CMK-P

    Plaintiff,

    vs.

K. KELLER, et al.,

    Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

      <u>  1  </u>    completed summons form;

      <u>       </u>    completed USM-285 form(s); and

      <u>       </u>    copies of the first amended complaint.

DATED: _____          _____
                                                         Plaintiff