1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          EASTERN DISTRICT OF CALIFORNIA
10         SACRAMENTO DIVISION

11  THOMAS SCOTT,                    )    Case No. CV 08-0781 CAS
                                     )
12            Plaintiff,             )
                                     )    **ORDER GRANTING**
13  vs.                              )    **DEFENDANTS' MOTION TO**
                                     )    **DISMISS**
14                                   )
    K. KELLER, ET AL.,               )
15                                   )
                                     )
16            Defendants.            )
                                     )
17  _____   )
                                     )
18

19
20      **I.     INTRODUCTION**

21          On April 14, 2008, plaintiff Thomas Scott filed a complaint against defendants K.

22  Keller ("Keller"); K. Powell ("Powell"); L. Weinholdt ("Weinholdt"); Brett Williams

23  ("Williams"); C. Hall ("Hall"); and N. Grannis ("Grannis"), alleging a violation of his

24  equal protection rights by the California Department of Corrections and Rehabilitation

25  ("CDCR").  On October 6, 2008, plaintiff filed his first amended complaint ("FAC")

26  against the same defendants, but added Arnold Schwarzenegger ("Schwarzenegger") and

27  M. Cate ("Cate" incorrectly identified as "Tate" in the FAC).  On October 27, 2008,

28  United States Magistrate Judge Craig A. Kellison, for the Eastern District of California,

    issued an order screening the FAC, and found that the FAC appeared to state a

cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  CD No. 17 (Order Screening Plaintiff's Complaint).  On December 11, 2008, this action was reassigned to this Court, pursuant to the Order of Designation of Judge to Serve in Another District Within the Ninth Circuit.

On January 23, 2009, defendants Cate, Grannis, Hall, Keller, Powell, Schwarzenegger, and Weinholt filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  On April 15, 2009, defendant Williams filed a notice of joinder to the instant motion.  October 22, 2009, plaintiff filed his opposition.  On October 7, 2009, defendants filed their reply.  After carefully considering the arguments by both parties, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges that he was convicted and sentenced to a term of four years in prison on December 14, 1998, in Orange County Superior Court, Case No. 98CF1230, for violation of Penal Code § 288(a).  FAC ¶ 13.  Plaintiff further alleges that on October 25, 2005, he was sentenced to fifteen years in Riverside County Superior Court, Case No. SWF0101600, for violating Penal Code § 288(a).  Id. ¶ 14.  Plaintiff is currently serving his sentence at Mule Creek State Prison.  Id. ¶ 3.

Plaintiff alleges that he brings this civil rights action seeking damages and injunctive relief under 42 U.S.C. §§ 1981-1985 for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  FAC ¶ 12. Plaintiff alleges that prison officials treat mentally ill inmates differently based on whether they are classified as Mentally Disordered Offenders ("MDO") or Sexually Violent Predators ("SVP") and that they have no valid reason for the disparity.  CD No.17 at 1, 3.  Plaintiff further alleges he is a member of the class of inmates that meets the standard for evaluation and treatment under California's Sexually Violent Predators Act ("SVPA") and that he was treated differently from those inmates classified as a MDO because MDOs are provided an earlier evaluation and earlier treatment.  Mot. at 7-8 (citing CD No.17 at 1).

1

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

other grounds sub nom <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Defendants seek to have plaintiff's FAC dismissed for failure to state a claim for relief. Mot. at 3. Defendants make the following arguments in support of their motion.

### 1.   Defendants Are Entitled to Qualified Immunity

According to defendants, the doctrine of qualified immunity protects state officials from personal liability in § 1983 actions, "unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Mot. at 11 (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). Defendants argue that they are entitled to qualified immunity because plaintiff has not alleged facts showing a constitutional violation. <u>Id.</u> at 12. They further contend that even if a constitutional violation occurred, defendants are entitled to qualified immunity because plaintiff has not alleged the violation of any clearly established constitutional right. <u>Id.</u> at 12-13 (citing <u>Pearson v. Callahan</u>, 129 S.Ct. 808, 815, 818 (2009)).

Plaintiff responds that the qualified immunity analysis is a three-part inquiry.

Opp'n at 11.  According to plaintiff, the court must consider: (1) whether the facts "[t]aken in the light most favorable to the party asserting the injury...show that the [defendant's] conduct violated a constitutional right;" (2) whether the right was clearly established at the time of the alleged violation; and (3) whether a reasonable officer in these circumstances would have thought her or his conduct violated the alleged right.  Id. (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Plaintiff argues that, with respect to the first part of the inquiry, the right violated is that similarly situated individuals were intentionally treated differently without a rational basis for the different treatment.  Id. at 12.  With respect to the second part of the inquiry, plaintiff argues that defendants were on notice that all inmates have a clearly established right to evaluations for mental disorders within the first year of imprisonment because all inmates are to be screened within their first year of imprisonment.  Id. (citing Coleman v. Schwarzenegger, 2:09-cv-00520-LKK-JFM (E.D. Cal.)).[1]  Id.  With respect to the third part of the inquiry, plaintiff argues the defendants' conduct was not reasonable, but does not explain why.  Id. at 15.

Defendants reply that plaintiff does not cite to legal authority establishing that: (1) a prisoner is entitled to evaluation or treatment under the SVPA within the first year of incarceration; (2) that inmates who meet the criteria for evaluation under the SVPA are similarly situated to those inmates initially classified under the MDO law; or (3) that the difference in the timing of mental health evaluations provided to those inmates is unlawful.  Reply at 6.  Defendants further reply that defendants are entitled to qualified immunity because a reasonable officer could have believed that the disparity in the timing of the evaluations under the SVPA and MDO laws is lawful.  Id.

The Supreme Court in Saucier enunciated a two-pronged approach for determining whether qualified immunity applies in a given situation.  533 U.S. at 201-202.  The court must determine whether "[t]aken in the light most favorable to the party

---

[1]Plaintiff's cite does not provide the case or findings for which plaintiff relies.

asserting the injury, do the facts alleges show [defendants'] conduct violated a constitutional right?" Id. at 201.  Even if this question is answered in the affirmative, a defendant is still entitled to qualified immunity if the claimed constitutional right was not clearly established in light of the specific context of the case.  Id.  A right is clearly established only if "it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation confronted." Id. at 202.  In Pearson, 129 S.Ct. at 818, the Supreme Court held that lower courts have discretion to decide which of the two prongs to consider first.

The Court finds that, even if a constitutional right was violated, defendants are protected by qualified immunity because the right allegedly violated was not clearly established, as defendants could not have reasonably known that their conduct violated a constitutional right.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Accordingly, the Court further finds that providing plaintiff leave to amend would be futile since defendants are protected by qualified immunity.

**2.      Plaintiff Cannot Establish the Violation of his Fourteenth Amendment Right to Equal Protection Because SVP and MDO Inmates are not Similarly Situated**

An equal protection claim may be established in either of two ways.  First, by showing that defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998).  Second, by showing that similarly situated individuals are intentionally treated differently, without a rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

For equal protection purposes, defendants contend that inmates meeting the SVPA standards are not similarly situated to those inmates meeting the MDO standards.  Id. (citing Carmony v. Hunter, 2006 U.S. Dist. LEXIS 92099, *26, n.8 (E.D. Cal. Dec. 20, 2006) (citing Sisneros v. Whitman, 2006 U.S. Dist. LEXIS 67107 (E.D. Cal. Aug. 31, 2006) (quoting People v. Buffington, 74 Cal. App. 4th 1149, 1162-63 (1999))).

1  Defendants also argue that plaintiff's equal protection claim fails because plaintiff has

2  not alleged any facts showing that he is a member of a protected class.  Id. at 9.

3      Plaintiff responds that the cases cited by defendants are not controlling because

4  they involve a situation where plaintiff has already been found to be a sexually violent

5  predator, and not one where plaintiff is awaiting the initial evaluation under SVPA.

6  Opp'n at 6-7.  Plaintiff further responds that he, in accordance to what is provided to

7  MDOs, ought to have received the initial screening under SVPA within one year.  Id.

8      Defendants reply that plaintiff's assertion that he is similarly situated to inmates

9  who have been evaluated under the MDO law is unsupported by legal authority.  Reply

10  at 2.  Defendants contend that the MDO law and SVPA have different goals.[2]  Id.  They

11  argue that the MDO law targets inmates with severe mental disorders that may never be

12  successfully treated.  Id. (citing Cal. Pen. Code § 2962(a); Cal. Welf. Inst. Code §

13  6606(b); Buffington, 74 Cal. App. 4th at 1162-63).  Defendants further argue that

14  plaintiff's attempt to distinguish the cited cases do not save his claim because the very

15  factors that make him qualify for evaluation under the SVPA also set him apart from

16  inmates initially classified under the MDO law.  Id. at 3.

17      To the extent plaintiff is attempting to allege an equal protection claim, that claim

18  _____

19      [2]According to defendants, the SVPA provides for the indeterminate involuntary civil
20  commitment of certain violent sex offenders to the state mental hospital following the
    competition of their prison sentences.  Mot. at 4 (citing Cal. Welf. Inst. Code § 6600 et
21  seq.)).  The SVPA is directed at inmates who pose a risk of future sexually violent criminal
    behavior and may never be completely rehabilitated.  Id. (citing Cal. Welf. Inst. Code §
22  66006(b).).  Under the SVPA, with limited exceptions, the inmate must be referred to the
23  Department of Mental Health for evaluation at least six months before his release date.  Id.
    at 5 (citing Cal. Welf. Inst. Code § 6601(a)(2), § 6601.5.).  Defendants further contend that
24  the MDO law provides for the involuntary commitment of certain persons upon their
25  completion of a term in state prison.  Id. at 5.  MDOs are evaluated within the first year of
    incarceration and are provided mental health treatment while incarcerated and when
26  returned to the community.  Id. (citing Cal. Welf. Inst. Code § 2960).  The MDO law aims
27  to protect the public by providing mental health treatment for the severe mental disorder
    that caused, or was an aggravating factor in, the inmate's prior criminal behavior.  Id.
28

1   fails because persons facing commitment under the SVPA are not similarly situated to
2   those under California's other civil commitment schemes, including the MDO law.
3   Sisneroz, 2006 U.S. Dist. LEXIS 67107, at *13 (citing Cal. Penal Code § 2962; Munoz
4   v. Kolender, 208 F.Supp. 2d 1125, 1136 (S.D. Cal. Jun. 14, 2002); Buffington, 74 Cal.
5   App. 4th at 1158-59 (not all persons committed under California's various civil
6   commitment statutes are similarly situated in all respects); see also id. at 1162-1163
7   (persons committed under MDO law and SVPA are not similarly situated for equal
8   protection purposes regarding treatment: "Prisoners who suffer from conditions that may
9   with treatment be kept in remission are the target of the MDO Act, whereas the SVPA
10  covers prisoners whose conditions pose a risk of future sexually violent criminal
11  behavior and who may never be completely treated.")).   Moreover, in People v. Hubbart,
12  88 Cal. App. 4th 1202, 1221 (2001), defendant contended that the SVPA violates equal
13  protection by failing to provide for treatment prior to the commencement of a long-term
14  commitment, in contrast to the MDO law.  The court  found no equal protection
15  violation in this respect because persons committed under the SVPA are not similarly
16  situated to persons committed under the MDO law for this purpose.  Id. (citing
17  Buffington, 74 Cal. App. 4th at 1162-63.).  Accordingly, the Court concludes that
18  dismissal of the equal protection claim is appropriate.  As such, since the Court
19  concludes that an equal protection claim cannot be made with respect to MDOs and
20  SVPs being similarly situated, leave to amend would be futile.

21  **3.    Defendants Grannis, Hall, Keller, Powell, and Weinholdt, Should Be
22         Dismissed Because Their Involvement is Limited to the Administrative
23         Appeals Process**

24         Plaintiff claims that he submitted an appeal form alleging that he was not being
25  provided the same level of care as similarly situated inmates.  FAC ¶ 18.  Plaintiff
26  further alleges that these defendants, at different levels of the appeal process, denied
27  plaintiff's appeal.  Id. ¶¶ 19-28.

28         According to defendants, the Civil Rights Act provides for relief only against

1    those who, through their personal involvement or failure to perform legally required

2    duties, cause the deprivation of another's constitutionally protected rights.  Mot. at 9

3    (citing <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988)).  Furthermore, "a plaintiff

4    must allege facts, not simply conclusions, that show that an individual was personally

5    involved in the deprivation of his civil rights." <u>Id.</u> (citing <u>Barren v. Harrington</u>, 152 F.3d

6    1193, 1194-95 (9th Cir. 1999)).

7          Defendants Grannis, Hall, Keller, Powell, and Weinholdt argue that they are

8    entitled to dismissal because they are alleged only to have participated in the

9    administrative appeals process, and involvement in the resolution of an inmate's

10   grievance, alone, does not provide a basis upon which to impose liability.  Mot. at 9

11   (citing <u>Hightower v. Schwarzenegger</u>, 2007 U.S. Dist. LEXIS 20520, at *7 (E.D. Cal

12   Mar. 8, 2007) (citing <u>Buckley v. Barlow,</u> 997 F.2d 494, 495 (8th Cir. 1993))).  They

13   argue that liability cannot be imposed on defendants for the violations complained of in

14   an inmate's appeal on the basis that failure to respond appropriately to the appeal

15   allowed the violations to continue.  <u>Id.</u> at 10 (citing <u>Curtis v. Buckley</u>, 2006 U.S. Dist.

16   LEXIS 76201, at *11-12 (E.D. Cal. Oct. 10, 2006)).

17         Plaintiff responds that the cases cited by defendants are not controlling because

18   defendants Grannis, Hall, Keller, Powell, and Weinholdt each had personal knowledge

19   of the applicable statutes and failed to take any action to prevent and or correct the

20   disparate treatment.  Opp'n at 8.  Plaintiff contends that he has not just shown these

21   particular defendants' involvement in the appeals process, but has detailed their personal

22   knowledge and their failure to prevent disparate treatment.  <u>Id.</u>

23         Defendants reply that these defendants are not liable because causation requires

24   some kind of direct, personal participation in the deprivation, or the setting in motion of

25   a series of acts by others which the actor reasonably should know would cause others to

26   inflict the constitutional injury.  Reply at 4 (citing <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689

27   (9th Cir. 2006)).  Additionally, they argue that to hold an individual defendant

28   personally liable for damages, it must be shown that they have the duty, discretion, and

means to prevent the alleged violation.  Id. (citing  Leer, 844 F.2d at 633).  Defendants contend that plaintiff alleges no facts showing that any defendant charged with reviewing the administrative grievance is legally required to intervene in the event a violation is discovered.  Id. (citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right)).

The Court finds that these defendants cannot be held liable because they have merely participated in the administrative appeals process.  Curtis, 2006 U.S. Dist. LEXIS 76201 at *12 ("plaintiff may not pursue claims for relief based on the assertion that because his appeals were not responded to, the defendants in charge of responding to appeals are responsible for the underlying constitutional violations set forth in the appeals.").

## V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiffs' complaint against defendants in its entirety with prejudice.


IT IS SO ORDERED


Dated: April 23, 2010

_Christina A. Snyder_
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE